UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ARCHIE J. TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-02439-TWP-DML |
| ) | |
| L. GRAY, C. MILLER, D. DAVIS, and ) | |
| J. SHAVER Lt., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting *In Forma Pauperis* Status,
Screening and Dismissing Complaint,
and Directing Plaintiff to Show Cause**

Plaintiff Archie Taylor is an Indiana prison inmate who on July 19, 2017, commenced this action because some of his personal property is missing. He names four Indiana Department of Corrections officers as defendants and seeks $405.60 in actual damages and $100 in unspecified damages. He also seeks leave to proceed *in forma pauperis*. The complaint indicates plaintiff is suing under state law, which for the reasons explained below will not be possible in federal court. Construed as an action brought under 42 U.S.C. § 1983, it fails to state a claim upon which relief may be granted.

**I. In Forma Pauperis Status**

Plaintiff's request to proceed *in forma pauperis* dkt. [3] is **granted**. The assessment of even an initial partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

## II. Screening Standard

Because plaintiff is a prisoner, the complaint is subject to the screening requirements of 28 U.S.C. § 1915A. This statute directs that the court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Wade v. Hopper,* 993 F.2d 1246, 1249 (7th Cir. 1993) (noting that the main purpose of Rule 8 is rooted in fair notice: a complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is.") (quotation omitted)). The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)).

In applying these legal standards, the Court construes pro se pleadings liberally and holds pro se pleadings to less stringent standards than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## III. Plaintiff's Contentions

In his complaint, Plaintiff writes that he has been an IDOC inmate since 2007, with most of his incarceration time spent at the Indiana State Prison. During his time in prison he has acquired

a number of personal items from commissary purchases. These items include headphones, a television set, a fan, shorts, and shoes. When he was transferred to the New Castle Correctional Facility in 2015 for intense mental health treatment, none of the listed items were permitted because of mental health treatment rules. However, in 2016 he was transferred to the Pendleton Correctional Facility and still has not been reunited with his property. Plaintiff does not know whether his missing property was stolen by other inmates, stolen by guards, seized by officials because of some type of policy violation, or is still being held for him in an evidence locker. None of the prison officials he has written to on numerous occasions have responded to him.

## IV. Analysis

    A.    Action as a state law claim

Plaintiff checked the box on his form petition to indicate he is suing under state law. Suits brought in federal court without a federal statutory or constitutional claim require diversity of citizenship as well as $75,000 in controversy. 28 U.S.C. § 1332(a). Plaintiff has not plead the citizenship of the defendants, but that is of no moment because the amount in controversy – $505.60 – does not meet the statutory minimum and therefore there is no diversity jurisdiction. A "party invoking federal jurisdiction bears the burden of demonstrating its existence." *See Hart v. FedEx Ground Pkg. Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006).

Supplemental jurisdiction for plaintiff's state law claim is not available because, as will be discussed below, there is no viable federal claim presented in the complaint. *See* 42 U.S.C. § 1367(c)(3); *Hagans v. Lavine,* 415 U.S. 528, 536-37 (1974); *In re African-Am. Slave Descendants Litig.,* 471 F.3d 754, 757-58 (7th Cir. 2006).

If plaintiff indeed intended to bring his claims in state court, he has filed in the wrong court and should seek redress in the appropriate state court. If he intended to proceed in federal court,

his complaint must be **dismissed** for lack of diversity jurisdiction. Nothing in this dismissal is meant to preclude plaintiff from asserting these claims in a state court action.

B.  Action as a civil rights claim

Liberally construing the complaint, as the Court is required to do, the Court cannot find a viable action under 42 U.S.C. § 1983. At the outset, Section 1983 does not create its own cause of action. Rather, it is the procedural mechanism by which constitutional violations are brought against state actors. In other words, Section 1983 is not itself a source of substantive rights; instead it is a means for vindicating federal rights elsewhere conferred. *Ledford v. Sullivan*, 105 F.3d 354, 356 (7th Cir. 1997) (*citing Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

The only constitutional right that might be implicated by these facts is plaintiff's right under the Fourteenth Amendment to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property without due process of law; if the state provides an adequate remedy, Plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). "The unauthorized intentional deprivation of an individuals' property by a state employee does not deny the procedural due process guaranteed by the Fourteenth Amendment so long as 'a meaningful postdeprivation remedy for the loss is available.'" *Higgason v. Morton*, 171 Fed. Appx. 509, 512 (7th Cir. 2006) (quoting *Hudson*, 468 U.S. at 533, and citing *Gable v. City of Chicago*, 296 F.3d 531, 539-40 (7th Cir. 2002)). The Indiana Tort Claims Act, Ind. Code § 34-13-3 *et seq.*, provides an adequate postdeprivation remedy to redress claims like plaintiff's. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001); *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir. 1987).

Accordingly, plaintiff has no Section 1983 claim under the facts he plead. The complaint therefore fails to state a claim upon which relief may be granted and is **dismissed**. 28 U.S.C. § 1915A. As it concerned the diversity ruling above, this ruling in no way is intended to prohibit plaintiff from pursuing his claims in a state court action.

### V. Opportunity to Show Cause

The Court has liberally construed plaintiff's complaint and finds that (1) there is no diversity jurisdiction, and (2) no viable federal civil rights or statutory claim is presented. The complaint is **dismissed**. Plaintiff shall have through **August 28, 2017**, to show cause why this action should not be dismissed. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.")

**IT IS SO ORDERED**.

Date: 7/24/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Archie J. Taylor
120690
Pendleton Correctional Facility
Electronic Service Participant – Court Only